IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Roberta Kowitz,<br><br>    Plaintiff,<br><br>v.<br><br>Trinity Health, Douglas Reinertson, and<br>Mark Waldera<br><br>    Defendant. | Case No. 4:13-CV-017<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMANDED** |

COMES NOW, the Plaintiff above named and for her Complaint against the Defendant states as follows:

### I. PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Roberta Kowitz, has resided at Douglas, North Dakota and is a citizen of North Dakota. Her date of birth is July 18, 1955 and at all times relevant hereto, Plaintiff was over forty (40) years of age.

2. At all times relevant hereto, Defendant, Trinity Health, is a non-profit corporation licensed and doing business in Minot, North Dakota and at all times mentioned herein is an employer within the meaning of the Americans with Disabilities Act (ADA) of 1990 and the Age Discrimination in Employment Act of 1967.

3. Defendants Douglas Reinertson and Mark Waldera are individuals who reside in North Dakota.

4. This Court has jurisdiction over this matter as this matter involves a federal question based upon the American With Disabilities Act of 1990 and the Age Discrimination in Employment Act of 1967.

1

## II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

6. Plaintiff, Roberta Kowitz, is a qualified individual with a disability within the meaning of the American with Disabilities Act of 1990, "ADA", and the Age Discrimination in Employment Act of 1967.

7. On or about March 2007, Defendant hired Plaintiff as an employee.

8. On or about June 1, 2010, Plaintiff's doctor determined that she needed surgery for a physical impairment. She requested and was approved for medical leave under the Family Medical Leave Act, "FMLA".

9. On or about July 28, 2010, Plaintiff underwent surgery to correct her physical impairment and she was unable to work for three months.

10. Plaintiff returned to work on or about September 2010 with work restrictions that constitute a disability.

11. Plaintiff requested reasonable accommodations for her disability.

12. Her employer refused to recognize her disability and terminated her.

13. Plaintiff was fifty-five (55) years of age at the time of her termination.

14. On September 29, 2011, Plaintiff filed a charge of discrimination against Defendant with the North Dakota Department of Labor("DOL").

15. The DOL investigated the claim under both North Dakota and federal law.

16. The DOL, on December 14, 2012, issued a finding that indicated suit must be commenced withing 90 days.

17. Plaintiff has commenced suit within the 90 day period.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE
## AMERICANS WITH DISABILITIES ACT

18. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

19. From the time of her surgery to the day of her termination, Plaintiff was capable of performing the duties of several available suitable positions at the Defendant's facility.

20. During such time, Defendants continually, intentionally and in a discriminatory manner refused to allow Plaintiff to return to her former position or any other position because of her disability.

21. Defendants December, 2010 termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff. Defendant terminated Plaintiff because of her disability.

22. Such adverse employment actions by Defendant were in violation of the ADA.

23. Following Defendant's termination of Plaintiff, Plaintiff was replaced by a non-disabled individual.

24. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

## COUNT II
## MENTAL AND EMOTIONAL DISTRESS

25. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

26. Defendants' actions described herein were intentional and inflicted upon Plaintiff's severe mental and emotional distress.

27. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including

but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

## COUNT III
## AGE DISCRIMINATION

28. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

29. Plaintiff's age was a determining factor in Defendant's decision to terminate Plaintiff.

30. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her age in violation of the ADEA.

## COUNT IV
## DISABILITY DISCRIMINATION UNDER THE
## NORTH DAKOTA HUMAN RIGHTS ACT

31. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

32. In all relevant times, North Dakota Century Code Chapter 14-02.4 governs human rights and North Dakota Century Code Chapter 14-02.4-02 defines disability and discriminatory practice.

33. Defendant as a corporate entity, is an "employer" of Plaintiff as that term is defined at §14-02.4-02(8), N.D.C.C., and Defendant is liable to Plaintiff for a discriminatory practice pursuant to Section 14-02.4-03, N.D.C.C.

34. Proximately, directly, and solely as a result of Defendant's discrimination against Plaintiff because of her age, Plaintiff suffered damages including loss of salary, benefits, and other compensation.

35. Defendants Trinity Health, Douglas Reinertson, and Mark Waldera by refusing to accommodate persons with a known disability, are liable under the North Dakota Human Rights Act.

## COUNT V
## FAMILY MEDICAL LEAVE VIOLATION

36. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

37. Plaintiff was a full-time employee who Defendant employed for over three years.

38. Defendant recognized the Family Medical Leave Act "FMLA".

39. Defendant recognized FMLA's allowance for a 12 week leave of absence for serious injuries such as Plaintiff's.

40. On or about December 2010, Defendant spoke with Plaintiff about her CPR certification being expired. During that conversation, Plaintiff informed Defendant that she needed permission from her physician to take the physical part of the test and that she had an appointment with her physician on December 2, 2010.

41. Plaintiff spoke with Defendant after her doctor's appointment on December 2, 2010 and informed Defendant that she could take the test in four months.

42. On December 3, 2010, Defendant terminated Plaintiff.

43. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated

WHEREFORE, Plaintiff respectfully prays to this Court as follows:

1. For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount to be determined at trial but not less than $75,000.00;

2. For Plaintiff's attorneys fees, costs, interest and disbursements incurred herein; and

3. For such other and further relief as the court deems just and equitable.

Dated this 30th day of January, 2013.

                                                    LARSON LAW FIRM, P.C.

                                                    */s/ Mark V. Larson*
                                                    Mark V. Larson (ID# 03587)
                                                    ATTORNEY FOR THE PLAINTIFF
                                                    1020 North Broadway
                                                    P.O. Box 2004
                                                    Minot, ND 58702-2004
                                                    (701) 839-1777
                                                    larslaw@srt.com

## DEMAND FOR TRIAL BY JURY

Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

_____
Mark V. Larson (ID#03587)
ATTORNEY FOR THE PLAINTIFF
1020 North Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com